UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BERNARD REED, Deceased                                    CIVIL ACTION
SHERRIE MCLAURIN, Petitioner

VERSUS                                                   NO.  06-10934

HOLCIM (US) INC.                                         SECTION  "N"  (5)

## ORDER AND REASONS

Presently before the Court is the request for entry of judgment, submitted by Attorney

Clara E. Toombs, counsel for Petitioner and Claimant, Sherrie McLaurin, regarding an October 16,

2006 "Supplemental Default Order Declaring Amount of Default" ("Supplemental Default Order")

(Rec. Doc. No. 1).  The request for entry of judgment is submitted pursuant to 33 U.S.C. § 918,

which is section 18(a) of the Longshore and Harbor Workers' Compensation Act (LHWCA).  The

Supplemental Default Order addresses the failure of Defendants, Holcim (US) Inc., and ACE

American Insurance Company to pay survivor's benefits to Ms. McLaurin in accordance with the

March 13, 2005 and June 16, 2005 rulings of the United States Department of Labor Administrative

Law Judge ("ALJ") (Rec. Doc. Nos. 1-2 and 1-3), and the July 19, 2006 Decision and Order of the

United States Department of Labor Benefits Review Board.  Defendants have submitted an

"Opposition, Defenses and Answer" (Rec. Doc. No. 2) to the request for entry of judgment.  At the

Court's direction, the parties also have submitted briefs in connection with the "Opposition,

Defenses, and Answer."  *See* Rec. Doc. Nos. 5, 7, and 13.

Relative to the Court's inquiry, 33 U.S.C. §918 provides, in pertinent part:

### § 918. Collection of defaulted payments; special fund

(a) In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or [FN1] a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the deputy commissioner may, in his discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred. In case such principal place of business or office or place where the injury occurred is in the District of Columbia, a copy of such supplementary order may be filed with the clerk of the United States District Court for the District of Columbia. Such supplementary order of the deputy commissioner shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. No fee shall be required for filing the supplementary order nor for entry of judgment thereon, and the applicant shall not be liable for costs in a proceeding for review of the judgment unless the court shall otherwise direct. The court shall modify such judgment to conform to any later compensation order upon presentation of a certified copy thereof to the court.

[FN1]  So in original.  Probably should read "for".

* * * *

In opposing the request for entry of judgment, Defendants argue, among other things,

2

that Ms. McLaurin's request to the district director for the issuance of a supplemental order of default was untimely in that it was not submitted "within one year after [] default." *See* 33 U.S.C. §918. Accordingly, Defendant contends that the October 20, 2006 "Supplemental Default Order" is not "in accordance with the law" as required. As to this contention, the Court notes that the ALJ's rulings were issued on March 13, 2005 and June 16, 2005. The application for the supplemental order was not submitted until September 20, 2006.

The Court disagrees with Ms. McLaurin's assertion that the one-year period did not commence until the issuance of the Benefits Review Board's July 19, 2006 decision. Section 918 defines "default in the payment of compensation due under any award of compensation" as occurring thirty days after the compensation is "due and payable." 33 U.S.C. §918(a). A compensation order is "effective" when filed in the office of the deputy commissioner. *Id*. At that time, notwithstanding an appeal to the Benefits Review Board, compensation, unless the order is stayed, is "due and payable" for purposes of §918 and "due" for purposes of 33 U.S.C. §914. *See Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 127 n.1 (5th Cir. 1983) ("effective" in §921(a) is equivalent to the terms "due" and "due and payable" in §§914(f) and 918 (a), respectively"); *see also* 33 U.S.C. §921(b)(3) ("The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board [based on] irreparable injury . . . .").[1]

---

[1] The Court is aware that the Benefits Review Board previously denied a stay pending resolution of the administrative appeal to that agency, and that the United States Court of Appeals for the Fifth Circuit, in the matter bearing Docket Number 05-60836, affirmed the decision of the Benefits Review Board denying a stay. Additionally, the Court has reviewed the record of the pending appeal to the Fifth Circuit, Docket Number 06-60842, and noted that it does not appear that Defendants have sought a stay pending resolution of that appeal.

3

Even considering the later filing date of June 16, 2005, certain installment payments, given the foregoing discussion, were in default well before a year prior to Ms. McLaurin's September 20, 2006 application for entry of a supplemental order.  Thus, **IT IS ORDERED** that Ms. McLaurin's request for entry of judgment with respect to the October 16, 2006 Supplemental Default Order is **DENIED**.   Nevertheless, given that the compensation award to Ms. McLaurin provides for ongoing payments, which have never been made, this ruling is **WITHOUT PREJUDICE** to Ms.  McLaurin's right to seek an amendment of the Supplemental Default Order such that it includes only those installment payments in default within a year of the September 20, 2006 application date.[2]

New Orleans, Louisiana, this 16th day of April 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2]     Given the Court's resolution of Defendants' timeliness objection, the Court does not address Defendants' other arguments against entry of judgment regarding the October 16, 2006 Supplement Default Order.  Further, with respect to Ms. McLaurin's disputed entitlement to payment of any such benefits, that issue is for the Fifth Circuit, not this Court, to decide as part of the appeal pending there.  *Abbott v.  Louisiana Ins. Guar. Assoc.*, 889 F.2d 626, 630 (5th Cir. 1990) (scope of district court's review in §918 proceedings "is limited to the lawfulness of the supplemental orders or default and does not include the procedural or substantive correctness of the underlying compensation orders").